# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DANIEL GLENN CAPLE**  **PETITIONER**
Reg. #27810-009

V.　　　　　　　　　　NO. 4:22-CV-00601-LPR-ERE

**DOE, U.S. Florence Warden**　　　　　　　　　　**RESPONDENT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

**I.　INTRODUCTION**

Pending before the Court is Daniel Glenn Caple's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Mr. Caple, who is currently incarcerated in the Federal Correctional Institution in Florence, Colorado, challenges the validity of his convictions in the Eastern District of Arkansas ("EDAR"). For the reasons set out below, the Court recommends that Mr. Caple's habeas petition be dismissed for lack of jurisdiction.

## II. BACKGROUND

On August 31, 2015, in the EDAR, Mr. Caple pleaded guilty in two separate criminal cases, one charging him with assaulting an officer or employee of the United States and another with two counts of possession of a firearm in furtherance of a crime of violence. *United States v. Caple*, 4:15-cr-00213-DPM (*Docs. 3, 4*) (assault); *United States v. Caple*, 4:13-cr-00167-KBG (*Docs 171, 172*) (firearm possession).[1]

On February 10, 2016, at a consolidated sentencing hearing, Mr. Caple was sentenced to an aggregate sentence of 361 months for the two firearm convictions and a concurrent one-month sentence for the assault conviction. Mr. Caple also was ordered to make restitution of $31,353.05 in the firearm possession case. *Caple*, 4:13-cr-00167-KBG (*Docs. 205, 206*). Mr. Caple did not appeal either case.

On February 22, 2021, Mr. Caple filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in the firearm possession case. *Caple*, 4:13-cr-00167-KBG (*Doc. 267*). On May 23, 2022, Judge Baker denied the motion as untimely. *Id., at Doc. 316*. Mr. Caple did not appeal.[2]

---

[1] United States District Judge Leon Holmes originally was assigned both cases. After he retired, the cases were randomly reassigned to the United States District Judge D. Price Marshall Jr (2015 case) and United States District Judge Kristine Baker (2013 case).

[2] Mr. Caple states in his § 2241 petition that he plans to seek permission from the Eighth Circuit to file a successive § 2255 motion with the sentencing court. *Doc. 1 at p. 5*. Thus, Mr. Caple clearly is aware of the jurisdictional requirement for filing successive § 2255 motions. *Boykin v. United*

On June 29, 2022, Mr. Caple filed the § 2241 petition now before the Court. *Doc. 1*. Mr. Caple alleges ineffective assistance of counsel in connection with his guilty plea(s), improper stacking (300 months plus 60 months) of the two firearm possession convictions, and improper imposition of joint and several restitution between he and his five co-defendants.[3]  *Id.*

## III.  DISCUSSION

District courts are required to conduct an initial review of § 2241 habeas petitions to determine "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)); 28 U.S.C. § 2243. In conducting this review, a court "may take judicial notice of judicial opinions and public records." *Stutzka v. McCarville*, 420 F.3d 757, 761 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)). Additionally, courts must consider whether they have subject matter jurisdiction. See *Northport Health Servs. v. Rutherford*, 605 F.3d 483, 490 (8th Cir. 2010) ("federal courts are obligated to consider lack of subject matter jurisdiction *sua sponte*").

---

*States*, 242 F.3d 373 (8th Cir. 2000) ("Under AEDPA, federal prisoners may not file 'second or successive' § 2255 motions without an appropriate certification from the circuit court.").

[3] The latter two claims relate solely to the firearms possession sentences. It is unclear whether the ineffective assistance claim relates solely to the firearms possession case or also the assault case.

### A.     This Court Lacks Jurisdiction Over Mr. Caple's § 2241 Petition

Mr. Caple is currently in custody in Colorado. Although he attacks his convictions and sentences imposed in this district, that does not give this Court the power to entertain his § 2241 petition.

By statute, the proper respondent to a § 2241 petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). "[T]here is generally only one proper respondent to a given prisoner's habeas petition" and "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); see also *United States v. Monteer*, 556 F.2d 880, 881 (8th Cir. 1977) ("[h]abeas corpus jurisdiction lies only when petitioner's custodian is within the jurisdiction of the district court"); *Petition of Brown*, 304 F. Supp. 891, 893 (E.D. Ark. 1969) ("And it is well settled that a federal district court has no jurisdiction to entertain a petition for the writ or to issue it if the petitioner is not physically present within the district.").

Because Mr. Caple is not incarcerated in the EDAR, this Court lacks jurisdiction to consider his § 2241 petition.

**B.      The Court Should Decline to Transfer The Case**

The Court is aware of its statutory authority to cure the jurisdictional defect by transferring the case to the proper district in Colorado, where Mr. Caple is incarcerated. 28 U.S.C. § 1631. However, the Court should exercise this discretion only "if it is in the interest of justice" to do so. *Id*. There is no time bar issue preventing Mr. Caple from filing a new § 2241 petition in the district court where he is incarcerated. This weighs against a transfer. See *Hempstead County and Nevada County Project vs. U.S. E.P.A.*, 700 F.2d 459 (8th Cir. 1983) (finding a transfer in the interest of justice because the limitations period might have expired and barred a new filing in the proper court). Whether Mr. Caple's claim has any merit is the remaining factor to be considered in determining whether to transfer the case. There is inherent tension in considering the merits of a case over which jurisdiction is lacking. However, as the Seventh Circuit has explained, in this context, it makes sense:

> A court is authorized to consider the consequences of transfer before deciding whether to transfer; that is implicit in the statute's grant of authority to make such a decision, . . . and implies in turn that the court can take a peek at the merits, since whether or not the suit has any possible merit bears significantly on whether the court should transfer or dismiss it. It may seem paradoxical to suggest that a court that lacks jurisdiction over a case can examine the merits of the case. But the paradox dissolves when we remind ourselves that Congress in 28 U.S.C. § 1631 has conferred jurisdiction on federal district courts to decide whether to transfer or dismiss cases over which they lack jurisdiction to adjudicate fully. The limited jurisdiction that has been conferred creates a power of limited review of the merits. If the limited

5

> review reveals that the case is a sure loser in the court that has jurisdiction (in the conventional sense) over it, then the court in which it is initially filed—the court that does not have jurisdiction—should dismiss the case rather than waste the time of another court.

*Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999)(citations omitted).[4] Thus, even though jurisdiction is lacking, it is completely appropriate to "take a peek" at the merits, solely for the purpose of determining whether to transfer or dismiss the case.

Generally, collateral challenges to a federal conviction or sentence must be raised in a motion to vacate in the sentencing court under 28 U.S.C. § 2255, rather than by a habeas petition filed in the court of incarceration under 28 U.S.C. § 2241. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010). A limited exception to this rule is found in the "savings clause" of § 2255(e), which allows a habeas petitioner to seek relief under § 2241 if he shows that if he shows that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

---

[4] See also *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (internal quotation marks omitted) (relying on *Phillips*, 173 F.3d 609, 610, in holding that it could "take a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed."); *Jefferson v. Zych*, No. CIV. 12-682 JRT/JJG, 2012 WL 2395555, at *2 (D. Minn. Mar. 21, 2012), report and recommendation adopted, No. CIV. 12-682 JRT/JJG, 2012 WL 2395498 (D. Minn. June 25, 2012) (dismissing a 28 U.S.C. § 2241 petition filed in the wrong district court, rather than transferring the case, after determining that petitioner would be unable to establish the exception under 28 U.S.C. § 2255(e) if the case were transferred).

Mr. Caple argues that his § 2255 remedy is inadequate or ineffective because he was not aware of his rights under § 2255 until the statute of limitations had expired. *Doc. 1 at 6.* The fact that Mr. Caple is now time-barred from pursuing relief under § 2255 due to the expiration of the one-year limitations period does not make the § 2255 remedy inadequate or ineffective. See *Crayton v. United States*, 27 F.4th 652, 655 (8th Cir. 2022) (holding that a petitioner may "seek relief under § 2241 if the petitioner shows he had no earlier opportunity to present his claims"; otherwise, his petition "must be dismissed for lack of subject matter jurisdiction"). *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011) (holding that if the petitioner "could have" filed an initial § 2255 motion collaterally challenging his detention, then he "may not resort to the savings clause and § 2241").

The Court's non-binding peek at the merits strongly suggests that Mr. Caple's habeas petition lacks merit and is doomed to fail. Accordingly, the Court should decline to transfer the case to the district of incarceration.[5]

## IV. CONCLUSION

IT IS THEREFORE RECOMMENDED that Petitioner Daniel Caple's § 2241 Petition for Writ of Habeas Corpus (*Doc. 1*) be DISMISSED, without prejudice, for lack of subject matter jurisdiction.

---

[5] Of course, this Court's merits inquiry, made solely for the purpose of deciding whether to transfer the case, is neither a final ruling nor binding on future courts. Mr. Caple remains free to file a § 2241 petition in the proper district.

Dated this 18th day of July, 2022.

_____
UNITED STATES MAGISTRATE JUDGE